FILED
2008 Mar-03  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD D. JOHNSTON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    CV 06-B-1017-S |
| | ) |
| **MICHAEL J ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Richard D. Johnston brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits. Upon review of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

## I. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court is limited to determining whether the Commissioner's factual findings are supported by substantial evidence and whether he applied the correct legal standards. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988), *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Substantial evidence is "more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted). This court may not

reweigh the evidence or substitute its own judgment for that of the Commissioner. *Id*. Even if it finds the evidence preponderates against the Commissioner's decision, this court must affirm if the decision is supported by substantial evidence. *Id*. Despite this deferential standard, this court must consider the record in its entirety, and take into account evidence that is both favorable and unfavorable to the Commissioner's decision. *Lamb,* 847 F.2d at 701, *Chester*, 792 F.2d at 131. No presumption of correctness attaches to the legal standards applied by the Commissioner. *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).

## II. **DISCUSSION**

On January 15, 2003, plaintiff filed an application for a period of disability and disability insurance benefits, pursuant to Title II of the Social Security Act, and for supplemental security insurance, pursuant to Title XVI of the Social Security Act. (R.15.) He alleged an onset date of June 15, 1995. (*Id*.) Plaintiff's application for XVI benefits was approved; however, his application for Title II benefits was denied. (R.15, 26.)   Plaintiff was 44 years old on June 15, 1995. (R.16.) At the time of the hearing before the Administrative Law Judge ["ALJ"], he was 55 years old and had limited education. (*Id*.) He had past relevant work experience as a painter/sandblaster. (*Id*.) He alleged that he had been disabled since 1995 due to neck pain, hepatitis C and depression.

The ALJ found that plaintiff had the following severe impairments prior to December 31, 1999 – "mild degenerative changes of the lumbar spine; possible spasm/strain of the cervical spine, as well as degenerative changes at C4-5 and [C]5-6." (R.19.) He determined:

> [I]t is my opinion that, prior to December 31, 1999, the claimant retained the residual functional capacity to perform medium work which allowed low average to average IQ; simple, repetitive, non-complex task; occasional push[ing] or pulling with the right upper and lower extremities, and no climbing. His pain is reasonably expected to cause no greater than mild to moderate functional restrictions upon his ability to perform basic work activities described in 404,1521.

(R.23.) Based on the testimony of a vocational expert and considering plaintiff's residual functional capacity, the ALJ found plaintiff was not capable of returning to his past relevant work, but he was capable of performing a significant number of jobs in the national economy, including product assembler, machine operator, and handpacker. (R.23-24.) Therefore, he found plaintiff was not disabled on or before December 31, 1999. (R.24.)

Plaintiff contends, "the record as a whole documents Plaintiff's long history of physical and mental problems since he was severely assaulted in 1995. The Plaintiff's testimony, taken together with the medical evidence, supports by substantial evidence a finding of disability on the basis of mental and physical disabilities." (Doc. 6 at 9.) This court disagrees.

The record lacks medical evidence documenting plaintiff's treatment between the time of his assault in 1995 and the expiration of his insured status on December 31, 1999. Although plaintiff testifies that he was unable to work during this period of time, the record does not support his testimony. Indeed, the record contains evidence that in April 2001, after experiencing an on-the-job injury, plaintiff was given a one-day work excuse by the attending physician. (R.205-06.) A psychological evaluation found that plaintiff had mild to moderate

limitations caused by mental impairments. (R.148, 152.) Plaintiff described his physical and mental conditions as worsening. (R.148, 153.) Assuming that plaintiff is now disabled, any determination of how long he has been disabled "must have a legitimate medical basis." SSR 83-20, 1983 WL 31249 at 3. As the ALJ explained, the medical evidence of record does not provide a basis for finding plaintiff unable to work on or before December 31, 1999. (R.20-23.) Therefore, the court finds that this case is due to affirmed.

### III. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is due to be affirmed. An Order affirming the decision of the Commissioner will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 3rd day of March, 2008.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE